**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

IN RE:                                                                                CASE NO.: 6:16-366
TOTAL SLEEP MANAGEMENT, LLC                                    Chapter 11
        Debtor(s).

_____ /

### EMERGENCY MOTION TO ALLOW USE OF CASH COLLATERAL

In accordance with 11 U.S.C. §363(b)(1) and (c)(2), the Debtor moves this Court for entry of an Order allowing the use of cash collateral of On Deck Capital, Inc. ("On Deck").

1. The Debtor previously entered into a Security Agreement with the following secured lender:

| LENDER | COLLATERAL | VALUE OF COLLATERAL |
|---|---|---|
| On Deck Capital, Inc.<br>1400 Broadway<br>25th Floor<br>New York, NY 10018 | Collateral as described in Security Agreement dated February 2, 2015 | $76,000 |

in which the Debtor's accounts receivables and personal property ("cash collateral") were pledged as collateral. On Deck failed to properly perfect its security interest and the Debtor seeks authority to use cash collateral as a precautionary measure to ensure its compliance with the Bankruptcy Code, pending adjudication of Debtor's Motion to Avoid Security Interest of On Deck (the "Motion to Avoid").

2. The cash collateral is property of the Chapter 11 estate of the Debtor pursuant to 11 U.S.C. § 541(a)(1) and (6) and were collaterally pledged to the lender as additional collateral to ensure payment of the pre-petition obligations.

3. The Debtor utilizes the pledged cash collateral in order to meet post-petition obligations

related to its sleep diagnostic business. Debtor operates six (6) locations and employs approximately 35 employees as W2 employees or 1099 independent contractors. Without the ability to use the cash collateral and pay necessary expenses such as rent and payroll, the Debtor's business operations will cease and the Debtor will be prevented from effectively reorganizing debts through the Chapter 11 case.

4. The Debtor is willing to enter into an agreement with the secured creditor(s) to provide a post-petition replacement lien of a continuing nature on all post-petition accruing cash collateral to the secured creditor(s), pending adjudication of the Motion to Avoid.

5. A copy of the Proposed Cash Collateral Order is attached as Exhibit 1. A proposed budget is attached as Exhibit 2.

Accordingly, the Debtor requests this Court enter an Order allowing the use of the cash collateral with such protections that are necessary in favor of the secured creditor.

Respectfully submitted this 19th day of January, 2016.

                                         Law Offices of Mickler & Mickler

                                         By: */s/ Taylor J. King*
                                              Taylor J. King
                                        Florida Bar No. 072049
                                        Attorney for Debtor in Possession
                                        5452 Arlington Expressway
                                        Jacksonville, FL  32211
                                        (904) 725-0822
                                        (904) 725-0855 Facsimile
                                        tjking@planlaw.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy hereof was furnished to:

>On Deck Capital, Inc.
>c/o Noah Breslow
>1400 Broadway, 25th Floor
>New York, NY 10018 (by U.S. Mail, postage pre-paid)

Which is the place he regularly conducts his business; and to

>On Deck Capital, Inc.
>c/o Total Merchant Resources, LLC
>255 Old New Brunswick Road
>Piscataway, NJ 08854 (by U.S. Mail postage pre-paid)

Which is the place he regularly conducts his business; and to

>Office of United States Trustee
>400 W. Washington, Suite 1100
>Orlando, FL 32801 (by CM/ECF filing)

Which is the place he regularly conducts his business, this 19th day of January, 2016.

>Law Offices of Mickler & Mickler
>
>By: */s/ Taylor J. King*
>    Taylor J. King
>Attorney for Debtor in Possession

**EXHIBIT 1 – Proposed Interim Cash Collateral Order**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

IN RE: TOTAL SLEEP MANAGEMENT, INC.

        Debtor(s).                                Case No.: 6:16-bk-
                                                                     Chapter 11

_____ /

**<u>INTERIM ORDER AUTHORIZING DEBTOR'S USE OF CASH COLLATERAL</u>**
**<u>(ON DECK CAPITAL, INC.)</u>**

      This case came before the Court on _____ at _____ a.m./p.m. (the "Hearing"), upon the Debtor's Motion to Use Cash Collateral of On Deck Capital (Doc. #\_\_\_\_\_). After a hearing, the Court finds:

1. On January 19, 2016 ("Petition Date"), the Debtor filed a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code.

2. As of the Petition Date, the Debtor was indebted to On Deck Capital, Inc. (the "Lender").

3. Debtor filed a Motion to Avoid Security Interest of On Deck (the "Motion to Avoid"). This Order is entered on an interim basis without prejudice to the allegations and relief requested in the Motion to Avoid.

4. The profits generated from the debtor's business, constitute "Cash Collateral" pursuant to 11 U.S.C. § 363(a).

5. The Debtor seeks authorization to use the Cash Collateral to continue to pay business expenses associated with Debtor's sleep diagnostic operation. The Debtor contends that without the use of this Cash Collateral, it would not be able to pay payroll, licensing, insurance, rent, utilities, taxes and other obligations, which would frustrate any effort to successfully reorganize under Chapter 11 of the Bankruptcy Code.

Accordingly, for the reasons stated on the record in open court, it is hereby

ORDERED:

1. The Motion by the Debtor to Allow Use of Cash Collateral is granted.

2. Pursuant to 11 U.S.C. § 363(c)(3), the Debtor is authorized to use the Cash Collateral on an interim basis in accordance with the conditions set forth herein.

3. The Debtor shall pay only expenses necessary for the operation of its sleep diagnostic business and not any pre-petition expenses, salaries, professional fees, or insiders without further order of the Court. If such order is entered, such necessary pre-petition expenses, salaries, professional fees, or insider payments shall not be paid unless the Debtor is current on its ordinary course of business expenses.

4. To the extent the Debtor uses Cash Collateral, the secured creditor is granted a replacement lien pursuant to 11 U.S.C. § 361(2) on all such cash, rents, and accounts receivable, and the proceeds thereof, acquired after the Petition Date of equal priority to the liens which creditors had on the Petition Date.

5. The Debtor is Ordered to pay Adequate Protection payments in the following amounts:

| LENDER | COLLATERAL | VALUE OF COLLATERAL AND INTEREST RATE | PAYMENT AMOUNT WITH START DATE OF FEBRUARY 1, 2016 |
|---|---|---|---|
| On Deck Capital, Inc. | Security Agreement subject to avoidance | $76,000 @ 4% | $253.33 interest only |

|  | pending Motion to Avoid filed by Debtor |  |  |

The payment must actually be received by the lender on or before the 15th of each month or the payment shall be considered late.

6. In the event that any secured lender alleges a default of any of the above Ordered payments, it shall have the right to file an affidavit of default with the clerk after the due date of the allegedly delinquent payment. The Debtor shall then have 48 hours within which to cure the delinquent payment or otherwise file a counter affidavit which states that the payment was made within the grace period after the payment initially became due. If the delinquent payment is not cured or no counter affidavit is filed by the Debtor, authority to use cash collateral shall cease. If a counter affidavit has been filed and stated that the payment was timely made by the Debtor, the Court will either schedule a hearing on the default or rule from the written record at its discretion.

7. The Debtor shall provide to the secured lender a monthly accounting tending to show all income and expenses by the Debtor (in spreadsheet format). Such accounting shall be due to the lender by the 21st day of the month following the month being reported to the lender.

8. Subject to Debtor's pending Motion to Avoid, as additional adequate protection for the interests of On Deck in the Cash Collateral in accordance with 363 of the Bankruptcy Code, On Deck is granted continuing liens as of Petition Date on and security interest in all property of the Debtor as to which On Deck had liens and security interest as of the Petition Date with said liens and security interest ("Post-Petition Liens") to have the same priority as of the Petition Date.

9. Subject to Debtor's pending Motion to Avoid, the Post-Petition liens are, and for all

purposes shall be deemed to be valid, enforceable and duly perfected, and no filing or recordation or other in accordance with any applicable local, state, federal or common law, rule or regulation shall be necessary to create or perfect such liens and security interest

10. The Court will hold a final evidentiary hearing on the Debtor's Cash Collateral Motion on _____, 2016 at _____ a.m./p.m. at the George C. Young Federal Courthouse, 400 W. Washington St., Courtroom 6D, Orlando, FL.

Attorney Taylor J. King is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.

**EXHIBIT 2 – Cash Collateral Budget**

| **EXHIBIT 2 - TSM Monthly Cash Collateral Budget** | | |
|---|---:|---:|
| **Income** | **Feb-16** | **Mar-16** |
| Medicare | $22,466.99 | $29,141.57 |
| Private Insurance | $126,212.89 | $140,288.07 |
| **Total Income** | $148,679.88 | $169,429.64 |
| | | |
| **Expenses** | | |
| On Deck - interim Adeq. Prot. | $253.33 | $253.33 |
| UST Fees | $1,625.00 | $1,625.00 |
| Officer Salary | $13,750.00 | $13,750.00 |
| Officer Health/Dental Insurance | $1,726.26 | $1,726.26 |
| Rockledge Rent | $1,657.29 | $1,657.29 |
| Oviedo Rent | $2,866.24 | $2,866.24 |
| Cypress Crossing Rent | $3,033.44 | $3,033.44 |
| Melbourne Rent | $2,495.75 | $2,495.75 |
| Orlando Rent | $7,188.75 | $7,188.75 |
| Eustis Rent | $1,926.00 | $1,926.00 |
| Resmed - HST Rentals | $1,033.33 | $1,033.33 |
| Auto expense | $345.66 | $345.66 |
| Bank service charges | $0.00 | $0.00 |
| Cell phones | $364.66 | $364.66 |
| Cleaning & Laundry expense | $3,230.00 | $3,230.00 |
| Computer expense | $39.95 | $39.95 |
| Contract Labor - Scoring fees | $5,500.00 | $5,866.00 |
| Contract Labor - tech fees | $275.00 | $275.00 |
| Dues/subscriptions | $17.99 | $17.99 |
| Employee Health Insurance | $495.00 | $495.00 |
| Sleep study computer scoring | $0.00 | $0.00 |
| Liability Insurance | $611.36 | $611.36 |
| Insurance - other | $470.57 | $470.57 |
| Licenses and permits | $466.67 | $466.67 |
| Merchant account fees | $975.00 | $1,120.00 |
| Office expense | $300.00 | $302.45 |
| Payroll taxes | $7,536.57 | $7,536.57 |
| Admin Wages/Salary | $21,335.00 | $21,335.00 |
| PTO Wages/Salary | $2,559.36 | $2,559.36 |
| Sales staff wages/salary | $12,749.22 | $12,749.22 |
| Tech staff wages/salary | $51,310.87 | $51,310.87 |
| Postage and delivery | $600.00 | $675.00 |
| Practice mgt fees | $508.00 | $508.00 |
| Bld repairs | $15.00 | $15.00 |
| Computer repairs | $25.00 | $25.00 |
| Medical supplies | $2,600.00 | $2,850.00 |
| Office supplies | $800.00 | $950.00 |
| State tax | $121.29 | $121.29 |
| Phone and fax | $2,442.89 | $2,442.89 |
| Utilities - cable | $1,821.78 | $1,821.78 |
| Utilities - gas and electric | $1,800.00 | $1,950.00 |
| Utilities - other | $18.00 | $20.45 |
| C Parrella - healthcare attorney | $1,000.00 | $1,000 |
| **Total Expenses** | $157,890.23 | $159,031.13 |
| | | |
| Net Income | ($9,210.35) | $10,398.51 |