UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:  CASE NO.: 6:16-366
TOTAL SLEEP MANAGEMENT, LLC  Chapter 11
    Debtor(s).

_____ /

## MOTION TO AVOID SECURITY INTEREST PURSUANT TO 11 U.S.C. § 544
*(On Deck Capital, Inc.)*

In accordance with 11 U.S.C. § 544(a), the Debtor moves this Court for entry of an Order Avoiding the Security Interest of On Deck Capital, Inc. ("On Deck"). In support the Debtor states as follows:

1. On or about February 2, 2015, the Debtor executed a Business Loan and Security Agreement granting a security interest in favor of On Deck.

2. On Deck failed to file a UCC-1 financing statement with the Florida Secured Transactions Registry.

3. Therefore, On Deck failed to perfect its security interest in Debtor's personal property as to hypothetical judgment lien creditors.

4. In order to have lien rights superior to the Debtor-in-Possession, perfection is required pursuant to Article 9 of the Uniform Commercial Code as adopted in Florida. *See, e.g., In re Pike*, 62 B.R. 765 (W.D. Mi. 1986).

5. Pursuant to Florida Statutes § 679.3171 and 11 U.S.C. § 544(a)(1), the Debtor-in-Possession has the rights and powers of a hypothetical judgment lien creditor and may avoid the unperfected security interest of On Deck.

6. The determination regarding the status of On Deck's loan as perfected or unperfected is determined by applicable state law. *See, e.g., In re Harbor Pointe Office Park, Ltd.*, 83

B.R. 44 (Bankr. D. Colo. 1988). The relevant Florida law provides that a judgment lien creditor holds priority over a creditor with an unperfected security interest. *See* Uniform Commercial Code § 9-317 as adopted at Florida Statutes § 679.3171.

7. Bankruptcy Code Section 544 bestows the Debtor-in-Possession with the rights of a hypothetical judgment lien creditor and the power to avoid the unperfected security interest of On Deck.

8. A UCC-1 was filed on November 7, 2013, by "Corporation Service Company". A copy of the UCC-1 is attached as Exhibit 1. To the extent that Corporation Service Company filed this UCC-1 on behalf of On Deck, the UCC-1 financing statement does not identify the collateral and therefore did not perfect On Deck's security interest. *See 1st Source Bank v. Wilson Bank & Trust*, 735 F.3d 500 (6th Cir. 2013).

## RELIEF REQUESTED

WHEREFORE, Defendant requests the Court enter an order avoiding the security interest of On Deck and determining its claim shall be treated as a general unsecured claim pursuant to 11 § U.S.C. 544.

Respectfully submitted this 19th day of January, 2016.

                                                Law Offices of Mickler & Mickler

                                                By: */s/ Taylor J. King*
                                                    Taylor J. King
                                                Florida Bar No. 072049
                                                Attorney for Debtor in Possession
                                                5452 Arlington Expressway
                                                Jacksonville, FL  32211
                                                (904) 725-0822
                                                (904) 725-0855 Facsimile
                                                tjking@planlaw.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy hereof was furnished to:

    On Deck Capital, Inc.
    c/o Noah Breslow, CEO
    1400 Broadway, 25th Floor
    New York, NY 10018 (by U.S. Mail, postage pre-paid)

Which is the place he regularly conducts his business; and to

    Office of United States Trustee
    400 W. Washington, Suite 1100
    Orlando, FL 32801 (by CM/ECF filing)

Which is the place he regularly conducts his business, this 19th day of January, 2016.


                                        Law Offices of Mickler & Mickler

                                        By: */s/ Taylor J. King*
                                              Taylor J. King
                                        Attorney for Debtor in Possession