**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In Re:                                                                                    Case No.: 6:16-bk-366
    TOTAL SLEEP MANAGEMENT, INC.                     Chapter 11
    Debtors.
_____/

## MOTION TO ASSUME UNEXPIRED LEASES OR TO EXTEND DEADLINE TO ASSUME OR REJECT

TOTAL SLEEP MANAGEMENT, as Debtor and Debtor-In-Possession (the "Debtor"), pursuant to 11 U.S.C. § 365 and Rules 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), by and through its undersigned counsel, requests an order authorizing assumption of a pre-petition executory contracts or leases, or to extend deadline for assumption or rejection, and in support states as follows:

### BACKGROUND

1.    On January 19, 2016 (the "Petition Date"), the Debtor filed a petition for relief under Title 11 Chapter 11 of the United States Code (the "Bankruptcy Code").

2.    The Debtor operates a sleep diagnostic business. Debtor owns no real property. Debtor leases its six (6) locations at:

    1.  1978 Rockledge Blvd., Unit 104, Rockledge, FL 32955 ("Rockledge Lease")

        a.  Landlord is BB&T.

    2.  380 N. Palms Pointe, N. Babcock St., Melbourne, FL 32935 ("Melbourne Lease")

        b.  Landlord is PM Orthondontics.

    3.  500 W. Ardice Ave., Eustis, FL 32726-6575 ("Eustis Lease")

        c.  Landlord is Todd McNamara

    4.  1910 N. Orange Ave., Suite 2, Orlando, FL 32804 ("Orlando Lease")

    d. Landlord is SASA, LLC

5. 110 Burnsed Place, Suite 1020, Oviedo, FL 32765 ("Oviedo Lease")

    e. Landlord is M3 Holdings, Inc.

6. 2000 Cypress Crossing Drive, Suite B, Orlando, FL 32837 ("Cypress Crossing Lease")

    f. Landlord is NGM Orlando, LLC

7. None of the landlords are affiliates of the Debtor.

## REQUEST TO ASSUME PURSUANT TO 11 U.S.C. § 365

8. Debtor requests authority to assume lease agreements for continued use of the leased locations.

9. The Rockledge Lease is attached as Exhibit 1.

10. The Melbourne Lease is attached as Exhibit 2.

11. The Eustis Lease is attached as Exhibit 3.

12. The Orlando Lease is attached as Exhibit 4.

13. The Oviedo Lease is attached as Exhibit 5.

14. The Cypress Crossing Lease is attached as Exhibit 6.

15. Pursuant to 11 U.S.C. § 365(a), Debtor requests authority to assume unexpired leases for use of the leased locations.

16. Section 365(a) provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease." 11 U.S.C. § 365(a). Courts routinely approve motions to assume executory contracts or unexpired leases upon a showing that the debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgment. *See Sharon Steel Corp v. Nat'l. Fuel Gas Distrib. Corp.*, 872 F.2d 36 (3rd Cir. 1989);

*In re H.M. Bowness, Inc.*, 89 B.R. 238 (Bankr. M.D. Fla. 1988).

17. Assumption is necessary to allow Debtor to maintain its business operations. Rejection of the leases would detriment the estate by creating large unsecured claims through Sections 365(g)(1) & 502(g)(1), closure of the operations, relocation expenses and job loss for some of Debtor's thirty-five (35) employees.

## **REQUEST TO DETERMINE PROMPT CURE, OR IN THE ALTERNATIVE, TO EXTEND DEADLINE TO ASSUME**

18. As a lessee of commercial real property, Debtor must assume each respective lease by May 18, 2016, unless the Court extends the deadline, or the lease shall be deemed rejected and Debtor must immediately surrender the premises. 11 U.S.C. § 365(d)(4)(A).

19. The Court may extend the deadline for ninety (90) days upon request of the Debtor, which would extend the deadline to August 16, 2016. 11 U.S.C. § 365(d)(4)(B)(i).

20. As of the Petition Date, Debtor was in arrears on rent for certain premises as follows:

   1. Rockledge Lease - $3,314.58. Lease expires in approximately fifty (50) months, March 30, 2020.

   2. Melbourne Lease - $4,991.50. Lease expires in approximately fifty-four (54) months, September 1, 2020.

   3. Oviedo Lease - $2,866.24. Lease expires in ten (10) months October 31, 2016.

   4. Cypress Crossing Lease - $6,066.88. Lease expires in four (4) months May 31, 2016.

21. Debtor requests the assumption of the Rockledge Lease be conditioned on a twelve (12) month period (from the date of the order granting assumption) to cure the pre-petition arrears on

the lease.

22. Debtor requests the assumption of the Melbourne Lease be conditioned on a twelve (12) month period (from the date of the order granting assumption) to cure the pre-petition arrears on the lease.

23. Given that the remaining term of the Rockledge Lease and the remaining term of the Melbourne Lease greatly exceeds the proposed cure period of twelve (12) months, courts have generally found such a cure period to be adequately prompt under 11 U.S.C. § 365. *See In re Citrus Tower Blvd. Imaging Ctr.*, 2012 Bankr. LEXIS 2208, *12 (Bankr. N.D. Ga. 2012).

24. "Generally, a time period of one year or less has been construed as satisfying the requirement of prompt payment of the cure amount with a lease that has significant time remaining on its term." *See id*. (citing to *In re LRP Mushrooms, Inc.*, 2010 Bankr. LEXIS 2241 (Bankr. E.D. Pa. July 13, 2010).

25. Accordingly, the Debtor requests entry of an order authorizing assumption of the unexpired leases, and any other relief necessary to effectuate the foregoing, including authority to perform monetary and non-monetary obligations under the lease agreements *nunc pro tunc* to the Petition Date.

26. In the alternative, Debtor requests entry of an order extending the deadline to assume or reject to August 16, 2016.

Respectfully Submitted this 19th day of January, 2016.

LAW OFFICES OF MICKLER & MICKLER

By: */s/ Taylor J. King*
Taylor J. King
Florida Bar No. 72049
Attorney for Plaintiff(s)

5452 Arlington Expressway
Jacksonville, Florida   32211
(904) 725-0822
(904) 725-0855 FAX
tjking@planlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the forgoing was furnished to the United States Trustee, by CM/ECF filing and to the landlords as follows:

BB&T
6905 N. Wickham Road
Suite 200
Melbourne, FL 32940 (by Certified Mail); and to

M3 Holdings, Inc.
4250 Alafaya Trail
Suite 212-339
Oviedo, FL 32765 (by U.S. Mail postage pre-paid); and to

NGM Orlando, LLC
1350 N. Orange Avenue #100
Winter Park, FL 32789 (by U.S. Mail postage pre-paid); and to

PM Orthodontics
9398 Viscount Blvd., Suite 3A
El Paso, TX 79925-0000 (by U.S. Mail postage pre-paid); and to

SASA, LLC
c/o Contango Investments, Inc.
238 N. Westmonte Drive
Altamonte Springs, FL 32714 (by U.S. Mail postage pre-paid); and to

Todd McNamara
1611 Banning Beach Road
Tavares, FL 32778 (by U.S. Mail postage pre-paid)

By CM/ECF filing and/or U.S. Mail postage pre-paid in accordance with Bankruptcy Rules 6006 and 9014 this 19th day of January, 2016.

*/s/ Taylor J. King*
Taylor J. King